UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GARY DAVIS,

                Plaintiff,

   -against-

THE CITY OF NEW YORK & N.Y.C.
POLICE OFFICER LATONYA WILLIAMS,
SHIELD # 23695, AND N.Y.C. POLICE
OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                Defendants.

------------------------------------------------------------X

07 CV 11398 (GEL)

VERIFIED
COMPLAINT
AND DEMAND
FOR A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York City, New York County, State of New York.

4. At all times hereinafter, the Defendant officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are each sued individually and in their official capacity

as N.Y.C. Police Officers. The defendant officers are only being sued for violations of plaintiff's federal civil rights.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the City knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about March 18, 2007, at approximately 11:30 P.M., Plaintiff was on Lexington Avenue between 124th and 125th Streets in New York, New York walking with a friend to the train station when he was confronted by the Defendant officers.

10. The Defendant officers accused Plaintiff of possessing an open alcoholic beverage in violation of the Administrative Code of the City of New York.

11. The Defendant was arrested at the scene of the arrest without incident and taken back to the 25th precinct.

12. Back at the precinct, the parties got involved in a verbal altercation and after being provoked by Officer Williams, Plaintiff called her "a pink-fingernailed wearing bitch."

13. At that point, the officers unjustifiably assaulted plaintiff, including but not limited to tasering him.

14. Plaintiff was then falsely charged with resisting arrest and obstruction of governmental administration.

15. Plaintiff was held in custody for approximately 24 hours.

16. Defendant officers provided all of the information that was prepared in the paperwork regarding these false charges. The Defendant officer included in the documents material statements which he knew to be false.

17. Plaintiff was prosecuted criminally, and after numerous court appearances, upon the prosecutor's motion, all the charges were dismissed on or about September 19, 2007.

18. Plaintiff suffered extreme and protracted physical and emotional injury, as well as economic damages as a result of his incarceration and prosecution.

19. As a result of Plaintiff's unlawful search and seizure, amounting to a violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

CONDITIONS PRECEDENT

20. On or about June 11, 2007 and again on September 19, 2007, Notices of Claim were served upon the Defendant New York City, setting forth:

a) The name and post office address of the Claimant and his attorney;

b) The nature of the claim;

c) The time when, the place where, and the manner in which the claim arose;

d) The items of damages and injuries sustained so far as practicable.

22. The Notices of Claim were served upon the Defendant within 90 days after Plaintiffs' cause of action accrued.

21. Plaintiff's 50-h deposition has not been conducted.

22. Relating to the supplemental Notice of Claim served on September 19, 2007, as of this date the City of New York has not scheduled a 50-h hearing.

23. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

24. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

25. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

26. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

27. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the U.S. and 42 U.S.C. § 1983.

28. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

29. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

30. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

31. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

32. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

33. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

34. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## AS AND FOR A THIRD CAUSE OF
## ACTION FOR VIOLATION OF CIVIL RIGHTS

35. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty and use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

36. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries

aforesaid. All Defendants are liable for said damage and injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION

37. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

38. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

39. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about September 19, 2007 all charges were dismissed.

40. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; and,

2. Enter a judgment, jointly and severally, against the Defendant officers and The City of New York for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against each of the Defendant officers for punitive damages in the amount of Four Million ($4,000,000.00) Dollars; and,

4.  Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
December 18, 2007

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the Answer in this case and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       December 18, 2007

_____
STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

GARY DAVIS,

                Plaintiff,                VERIFIED
                                            COMPLAINT
   -against-                           AND DEMAND
                                            FOR A JURY TRIAL

THE CITY OF NEW YORK &
N.Y.C. POLICE LLATONYA WILLIAMS,
SHIELD # 23695, AND N.Y.C. POLICE
OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                Defendants.

----------------------------------------------------------X


**Steven Hoffner, Esq.**
Attorneys for Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330


To:    Michael A. Cardozo
        Corporation Counsel
        Attorney for Defendants
        100 Church Street
        New York, New York 10007