UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GARY DAVIS,

                                        Plaintiffs,

        -against-

CITY OF NEW YORK, N.Y.C. POLICE OFFICER
LATONYA WILLIAMS, SHIELD #23695, AND N.Y.C.
POLICE OFFICER "JOHN DOE", EACH SUED IN
THEIR INDIVIDUAL AND IN THEIR OFFICIAL
CAPACITY,

                                        Defendants.

**ANSWER**

07-cv-11398 (GEL)(RLE)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purports to bring this action, invoke the jurisdiction of the Court and to base venue as stated therein.

        3. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

        4. Paragraph "4" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "Latonya Williams" has not been served with a copy of the summons and complaint in this matter and therefore, she is not currently a party to this action.

     5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing by virtue of the laws of the State of New York and that it maintains a police department.

     6. Paragraph "6" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required. To the extent a response is deemed required, denies except admits that the City trains its police officers.

     7. Denies the allegations set forth in paragraph "7" of the Complaint

     8. Denies the allegations set forth in paragraph "8" of the Complaint.

     9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Sergeant Latonya Williams spoke with plaintiff on March 18, 2007.

     10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff was holding an open container on March 18, 2007.

     11. Denies the allegations set forth in paragraph "11" of the Complaint except admits that plaintiff was arrested on March 18, 2007 and taken to the 25th Precinct of the New York City Police Department and that plaintiff admits that his arrest was "without incident."

     12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiff called Sergeant Williams "a pink-fingernailed wearing bitch."

     13. Denies the allegations set forth in paragraph "13" of the Complaint.

     14. Denies the allegations set forth in paragraph "14" of the Complaint.

     15. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

     16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that on or about September 19, 2007, the charges against plaintiff were dismissed.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits that on or about September 20, 2007 a document purporting to be a Notice of Claim was received by the Comptroller's Office.

21. Denies the allegations set forth in paragraph "22"[2] of the Complaint, except admits that on or about September 20, 2007 a document purporting to be a Notice of Claim was received by the Comptroller's Office.

22. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

23. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

24. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that the claim has not been adjusted or settled.

25. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

26. Denies the allegations set forth in paragraph "25" of the Complaint.

27. In response to the allegations set forth in paragraph "26" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-26" inclusive of this answer, as if fully set forth herein.

---

[2] Notably the paragraphs in plaintiff's complaint are misnumbered.

28. Denies the allegations set forth in paragraph 27" of the Complaint.

29. Denies the allegations set forth in paragraph "28" of the Complaint.

30. Denies the allegations set forth in paragraph "29" of the Complaint.

31. In response to the allegations set forth in paragraph "30" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-30" inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "31" of the Complaint.

33. Denies the allegations set forth in paragraph "32" of the Complaint.

34. Denies the allegations set forth in paragraph "33" of the Complaint.

35. Denies the allegations set forth in paragraph "34" of the Complaint.

36. In response to the allegations set forth in paragraph "35" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-35" inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "36" of the Complaint.

38. In response to the allegations set forth in paragraph "37" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-37" inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "38" of the Complaint.

40. Denies the allegations set forth in paragraph "39" of the Complaint.

41. Denies the allegations set forth in paragraph "40" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

42. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

43. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

45. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

46. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

47. The actions of any police officers involved were justified by probable cause.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

48. Plaintiff's claims may be barred in whole, or in part, by the applicable limitations period.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

49. Plaintiff provoked the incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

50. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the state of New York or any political subdivision thereof.

- 6 -

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

51. Plaintiff has failed to comply with conditions precedent to suit under state law.

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 12, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorneys for Defendant City of New York
                          100 Church Street, Room 3-142
                          New York, New York 10007
                          (212) 676-1347

By: _____
     Brooke Birnbaum
     Assistant Corporation Counsel

TO:   Steven Hoffner, Esq.
       Attorney for Plaintiffs
       350 Broadway
       Suite 1105
       New York, New York 10013

Index No. 07-cv-11398 (GEL)(RLE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| GARY DAVIS,<br><br>                                                    Plaintiffs,<br><br>                          -against-<br><br>CITY OF NEW YORK, N.Y.C. POLICE OFFICER LATONYA WILLIAMS, SHIELD #23695, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITY,<br><br>                                                    Defendants. |
| **ANSWER**<br><br>*MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Brooke Birnbaum*<br>*Tel:  (212) 676-1347*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y............................................................. , 200..*<br><br>*...................................................................... Esq.*<br><br>*Attorney for...............................................................* |

- 7 -