UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GARY DAVIS,

                                            Plaintiffs,

          -against-

CITY OF NEW YORK, N.Y.C. POLICE OFFICER
LATONYA WILLIAMS, SHIELD #23695, AND N.Y.C.
POLICE OFFICER "JOHN DOE", EACH SUED IN
THEIR INDIVIDUAL AND IN THEIR OFFICIAL
CAPACITY,

                                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07-cv-11398 (GEL)(RLE)

JURY TRIAL DEMANDED

        Defendant Latonya Williams by her attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for her answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purports to bring this action, invoke the jurisdiction of the Court and to base venue as stated therein.

        3. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

        4. Paragraph "4" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required.

---

[1] On March 12, 2008, the City of New York filed an answer in this matter.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing by virtue of the laws of the State of New York and that it maintains a police department.

6. Paragraph "6" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required. To the extent a response is deemed required, denies except admits that the City trains its police officers.

7. Denies the allegations set forth in paragraph "7" of the Complaint

8. Denies the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Sergeant Latonya Williams spoke with plaintiff on March 18, 2007.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff was holding an open container on March 18, 2007.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiff was arrested on March 18, 2007 and taken to the 25th Precinct of the New York City Police Department and that plaintiff admits that his arrest was "without incident."

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiff called Sergeant Williams "a pink-fingernailed wearing bitch."

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that on or about September 19, 2007, the charges against plaintiff were dismissed.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint including the subparts thereto, except admits that on or about September 20, 2007 a document purporting to be a Notice of Claim was received by the Comptroller's Office.

21. Denies the allegations set forth in paragraph "22"[2] of the Complaint, except admits that on or about September 20, 2007 a document purporting to be a Notice of Claim was received by the Comptroller's Office.

22. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

23. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

24. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that the claim has not been adjusted or settled.

25. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

26. Denies the allegations set forth in paragraph "25" of the Complaint.

27. In response to the allegations set forth in paragraph "26" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-26" inclusive of this answer, as if fully set forth herein.

---

[2] Notably the paragraphs in plaintiff's complaint are misnumbered.

28. Denies the allegations set forth in paragraph "27" of the Complaint.

29. Denies the allegations set forth in paragraph "28" of the Complaint.

30. Denies the allegations set forth in paragraph "29" of the Complaint.

31. In response to the allegations set forth in paragraph "30" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-30" inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "31" of the Complaint.

33. Denies the allegations set forth in paragraph "32" of the Complaint.

34. Denies the allegations set forth in paragraph "33" of the Complaint.

35. Denies the allegations set forth in paragraph "34" of the Complaint.

36. In response to the allegations set forth in paragraph "35" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-35" inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "36" of the Complaint.

38. In response to the allegations set forth in paragraph "37" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-37" inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "38" of the Complaint.

40. Denies the allegations set forth in paragraph "39" of the Complaint.

41. Denies the allegations set forth in paragraph "40" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

42. The complaint fails to state a claim upon which relief can be granted.

- 5 -

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

43. The individually named defendant Latonya Williams has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

45. Plaintiff has failed to comply with conditions precedent to suit under state law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

46. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

47. There was probable cause for the arrest, detention and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

48. Plaintiff's claims may be barred in whole, or in part, by the applicable limitations period.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

49. Plaintiff provoked the incident.

- 6 -

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

50. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the state of New York or any political subdivision thereof.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the incident, defendant acted reasonably and in the proper lawful exercise of her discretion.

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 28, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorneys for Defendant Latonya Williams
                              100 Church Street, Room 3-142
                              New York, New York 10007
                              (212) 676-1347

                            By: _____
                                Brooke Birnbaum
                                Assistant Corporation Counsel

TO:   Steven Hoffner, Esq.
        Attorney for Plaintiffs
        350 Broadway
        Suite 1105
        New York, New York 10013

Index No. 07-cv-11398 (GEL)(RLE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| GARY DAVIS,<br><br>                                                  Plaintiffs,<br><br>                     -against-<br><br>CITY OF NEW YORK, N.Y.C. POLICE OFFICER LATONYA WILLIAMS, SHIELD #23695, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITY,<br><br>                                                  Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Brooke Birnbaum*<br>*Tel:  (212) 676-1347*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y................................................................ , 200..*<br><br>*......................................................................................... Esq.*<br><br>*Attorney for..................................................................................* |