UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GARY DAVIS,

                                   Plaintiffs,

-against-

CITY OF NEW YORK, N.Y.C. POLICE OFFICER LATONYA WILLIAMS, SHIELD #23695, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITY,

                                   Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT**

07-cv-11398 (GEL)(RLE)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

Defendants City of New York and Latonya Williams by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:[1]

1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to bring this action, invoke the jurisdiction of the Court and to base venue as stated therein.

3. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint.

4. Paragraph "4" of the Amended Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "Police Officer Daniel Tilman" and "Sergeant Raymond Sanchez" were not served with a copy of the summons and complaint.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing by virtue of the laws of the State of New York and that it maintains a police department.

6. Paragraph "6" of the Amended Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required. To the extent a response is deemed required, deny except admit that the City trains its police officers.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Sergeant Latonya Williams spoke with plaintiff on March 18, 2007.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that plaintiff was holding an open container on March 18, 2007.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that plaintiff was arrested on March 18, 2007 and taken to the 25th Precinct of the New York City Police Department and that plaintiff admits that his arrest was "without incident."

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that plaintiff called Sergeant Williams "a pink-fingernailed wearing bitch."

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint, except admit that on or about September 19, 2007, the charges against plaintiff were dismissed.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint including the subparts thereto, except admit that on or about September 20, 2007 a document purporting to be a Notice of Claim was received by the Comptroller's Office.

21. Deny the allegations set forth in paragraph "22"[2] of the Amended Complaint, except admit that on or about September 20, 2007 a document purporting to be a Notice of Claim was received by the Comptroller's Office.

22. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

23. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that the claim has not been adjusted or settled.

25. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

26. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

27. In response to the allegations set forth in paragraph "26" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-26" inclusive of this answer, as if fully set forth herein.

---

[2] Notably the paragraphs in plaintiff's Amended Complaint are misnumbered.

28. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

31. In response to the allegations set forth in paragraph "30" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-30" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

38. In response to the allegations set forth in paragraph "37" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-37" inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

42. The Amended Complaint fails to state a claim upon which relief can be granted.

- 5 -

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

43. The individually named defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

45. Plaintiff has failed to comply with conditions precedent to suit under state law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

46. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

47. There was probable cause for the arrest, detention and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

48. Plaintiff's claims may be barred in whole, or in part, by the applicable limitations period.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

49. Plaintiff provoked the incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

50. Defendants has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the state of New York or any political subdivision thereof.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the incident, defendants acted reasonably and in the proper lawful exercise of her discretion.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

52. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant is entitled to governmental immunity from liability.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

53. Punitive damages cannot be assessed against the City of New York.

- 7 -

**WHEREFORE,** defendants requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   May 23, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorneys for Defendants City of New York and
                Latonya Williams
                100 Church Street, Room 3-142
                New York, New York 10007
                (212) 676-1347

           By: _____
               Brooke Birnbaum
               Assistant Corporation Counsel

TO: Steven Hoffner, Esq.
   Attorney for Plaintiffs
   350 Broadway
   Suite 1105
   New York, New York 10013

Index No. 07-cv-11398 (GEL)(RLE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| GARY DAVIS,<br><br>                 Plaintiffs,<br><br>         -against-<br><br>CITY OF NEW YORK, N.Y.C. POLICE OFFICER LATONYA WILLIAMS, SHIELD #23695, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITY,<br><br>                 Defendants. |
| **ANSWER TO AMENDED COMPLAINT**<br><br>*MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br> *Attorney for Defendants*<br> *100 Church Street*<br> *New York, New York  10007*<br><br> *Of Counsel:  Brooke Birnbaum*<br> *Tel:  (212) 676-1347*<br> *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y................................................................ , 200..*<br><br>*........................................................................................ Esq.*<br><br>*Attorney for................................................................................* |