

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | BROOKE BIRNBAUM<br>*Assistant Corporation Counsel*<br>(212) 676-1347<br>(212) 788-9776 (fax)<br>bbirnbau@law.nyc.gov |
|---|---|---|

July 14, 2008

**BY ECF AND BY HAND**
Honorable Gerard E. Lynch
United States District Judge
United States Courthouse, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Gary Davis v. The City of New York et al 07-cv-11398 (GEL)(RLE)

Your Honor:

      As the Assistant Corporation Counsel assigned to defend the above-referenced matter, I write on behalf of the parties to respectfully inform the Court that the parties have reached a settlement. Accordingly, enclosed, please find for Your Honor's endorsement the Stipulation and Order of Settlement and Discontinuance signed by the parties. The parties thank the Court for its assistance in this regard.

      Respectfully submitted,

      Brooke Birnbaum (BB 8338)
      Assistant Corporation Counsel

cc:    Mr. Steve Hoffner, Esq. (By ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

GARY DAVIS,

                              Plaintiffs,

-against-

CITY OF NEW YORK & N.Y.C. POLICE OFFICER
LATONYA WILLIAMS, SHIELD #4666, AND N.Y.C.
POLICE OFFICER DANIEL TILMAN, AND
SERGEANT RAYMOND SANCHEZ, EACH SUED IN
THEIR INDIVIDUAL AND IN THEIR OFFICIAL
CAPACITY,

                              Defendants.

------------------------------------------------------------ x

**STIPULATION AND ORDER
OF SETTLEMENT AND
DISCONTINUANCE**

07-cv-11398 (GEL)(RLE)

       **WHEREAS,** plaintiff GARY DAVIS commenced this action by filing a complaint in or about December 19, 2007 alleging that certain of his federal and state rights were violated, and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations;

       **WHEREAS,** plaintiff and defendant now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **WHEREAS,** no party herein is an infant or incompetent for whom a committee has been appointed; and

       **WHEREAS,** plaintiff GARY DAVIS has authorized counsel to settle this matter as against defendants on the terms enumerated below:

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed as against defendant, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff the sum **Eighty Five Thousand Dollars ($85,000)** in full satisfaction of all claims as against defendant City of New York, including claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants City of New York, Latonya Williams, Daniel Tilman, Raymond Sanchez, and any present or former employees or agents of the City of New York from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiff GARY DAVIS shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and an Affidavit of No/Concerning Liens, whichever is applicable.

4. Other than as set forth in paragraph "2" above, plaintiff and his counsel, or any party in privity with either of them, shall have no recovery for any damages, injury, equitable or other relief, or fees or costs in connection therewith.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
July 8, 2008

| | |
|---|---|
| Mr. Steven Hoffner, Esq.<br>Attorney for Plaintiff<br>350 Broadway<br>Suite 1105<br>New York, NY 10013<br>(212) 941-8330<br><br>By: _____<br>STEVEN HOFFNER, ESQ.<br>(SH-0585) | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York<br>Attorney for Defendants<br>100 Church Street, Room 3-142<br>New York, New York 10007<br>(212) 676-1347<br><br>By: _____<br>BROOKE BIRNBAUM<br>Assistant Corporation Counsel |

SO ORDERED:

_____
U.S.D.J.

- 3 -